IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BRAD A. HUBBARD                                                                    PETITIONER
ADC #653533

V.                                      CASE NO. 5:16-cv-00210 KGB-JTK

WENDY KELLEY, *Director*,
Arkansas Department of Correction                                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge

Kristine G. Baker. Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such
        a hearing is granted) was not offered at the hearing before the Magistrate
        Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition and Amended Petition for Writ of Habeas Corpus filed by Brad A. Hubbard (DE #2, 5) on July 8, 2016, and July 27, 2016, respectively. Hubbard pleaded guilty to a couple of drug-related charges, forgery, and breaking and entering offenses out of Pope County, Arkansas, and the circuit court ordered his imprisonment in the Arkansas Department of Correction. This habeas petition, however, does not relate to those convictions, but instead stems from his placement back into ADC after transfer to a reentry center following a positive drug screen and admission for methamphetamine use.[1] Specifically, Hubbard claims that officials put him back in the ADC in violation of Act 679 of 2005, which entitled him to a revocation hearing.[2]

---

[1]At last review of the Arkansas Department of Correction Inmate Search, prior to the filing of this recommended disposition, Brad Hubbard's listed facility was the Pope County Waiting List and no longer the Benton Work Release Unit. It is Petitioner's duty under Local Rule 5.5 to notify the Clerk and other parties to the proceedings of any changes to his address.

[2]Act 679 of 2005, codified at Ark. Code Ann. § 16-93-211, establishes a transitional housing program for offenders who have transferred or paroled from the ADC or placed on probation by the circuit or district court. The Act authorizes the Post Prison Transfer Board to place offenders in approved

Respondent admits Petitioner is in her custody; however, she denies that he is entitled to any relief. Instead, Respondent asserts that the petition should be dismissed because his claim is not cognizable, as Hubbard was an ADC inmate under the Act 146 of 2015[3] program and had no due process liberty interest in being housed in a particular facility. Alternatively, Respondent argues Petitioner received all the due process afforded him when he waived any revocation hearing and because his disciplinary hearing satisfied due process.

For the reasons outlined below, the Court recommends that the petition be dismissed with prejudiced.

Records reflect that Petitioner was administratively transferred into the DCC reentry facility on March 9, 2016 under Act 146. (DE #16-2, at pp. 14-15) On that date, he signed a reentry facility agreement acknowledging that he would comply with any and all conditions set by DCC and the reentry facility and that he understood any rule infractions would be considered a major disciplinary subjecting him to return to the ADC. (Doc. No. 16-3, at pp. 1) The facts giving rise to his return to ADC are as follows: Hubbard was not present for bed check on April 22, 2016, but when he was found, he was tested by facility administrators on April 23, 2016. He tested positive for methamphetamine and also admitted use. He was immediately removed from the facility and placed

transitional housing up to one year prior to the date they are eligible for parole or transfer. Officers of the Department of Community Correction supervises these offenders placed in transitional housing. If they leave housing without permission, they can be criminally prosecuted for escape. Revocation of transitional housing placement must be accomplished in accordance with Ark. Code Ann. § 16-93-705, which requires a preliminary hearing.

[3]Act 146 of 2015, codified at Ark. Code Ann. § 12-27-127(d), establishes a program for qualifying inmates that offers pre-parole administrative transfers to reentry facilities run by Department of Community Correction (DCC) for inmates within eighteen (18) months of his or her projected release date for purposes of participating in a reentry program of at least six (6) months in length. Any inmate that is denied parole or fails to complete or is removed from the reentry program is administratively transferred back to the ADC.

back into the ADC.  (Doc. Nos. 16-2, at p. 14; 16-3, at pp. 3, 5-7) As statutorily directed, Hubbard received a major disciplinary, was removed from the program, and received a disciplinary hearing. (Doc. No. 13-5)

Hubbard's claim does not rise to the level of a constitutional deprivation and is legally insufficient to establish a denial of rights secured under the Constitution or laws of the United States. *See Bagley v. Rogerson*, 5 F.3d 325 (8th Cir. 1993) (allegation of state law violation, statutory or decisional, does not, in itself state claim under federal Constitution).  He is not entitled to a prison facility of his choice.  *See Rouse v. Benson*, 193 F.3d 936, 940 (8th Cir. 1999) ("In general, a prisoner enjoys no constitutionally protected right against transfer to another prison. . . . Prison authorities have a great deal of discretion in running their institutions, and such discretion normally outweighs any interest that any individual prisoner may have in remaining housed in a particular prison.")  Moreover, Hubbard's inability to further participate in the reentry program under Act 146 did not create a state-created liberty interest or give rise to a liberty interest inherent in the Due Process Clause itself.  *See Callender v. Sioux City Residential Treatment Facility*, 88 F.3d 666, 668-669 (8th Cir. 1996) (revocation of work release status did not impose an atypical and significant hardship upon petitioner in relation to the ordinary incidents of prison life).  Accordingly, the Court finds Hubbard's claim is not cognizable under section 2254 and does not give rise to the denial of a right secured under the Constitution or laws of the United States.

IT IS THEREFORE RECOMMENDED that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be DISMISSED with prejudice, and the relief prayed for be DENIED.

IT IS FURTHER RECOMMENDED that the Court not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 1st day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE